UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 97-4780

ROBERT CALVIN MAXWELL,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
James C. Fox, District Judge.
(CR-97-77-F)

Submitted: April 30, 1998

Decided: February 12, 1999

Before WILKINS and NIEMEYER, Circuit Judges, and
HALL, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Mark E. Edwards, Durham, North Carolina, for Appellant. Janice
McKenzie Cole, United States Attorney, Anne M. Hayes, Assistant
United States Attorney, John S. Bowler, Assistant United States
Attorney, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Robert Calvin Maxwell appeals his conviction for conspiracy to possess with intent to distribute cocaine base in violation of 21 U.S.C. § 846 (1994), and possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1) (1994). Maxwell's sole claim on appeal is that he was denied a fair trial because the district court improperly allowed the government to introduce evidence that he lived in a known drug area. We affirm.

On June 21, 1996, narcotics officers prepared to search Maxwell's room on the second story of a boarding house at 1201 East Lane Street, Raleigh, North Carolina. Upon arriving at the address the officers heard persons jumping onto a shed in the back of the house and saw two black males running away. Three feet above the roof of the shed was an open bathroom window. Inside the boarding house the officers found both the door to Maxwell's room and an adjacent door to the bathroom wide open, and inside Maxwell's room they noticed a window fan that apparently had been removed from the window. Hanging from the window was a plastic bag containing 88.5 grams of crack cocaine. From this bag and inside Maxwell's room the officers uncovered a series of small plastic bags, a rusty single edge razor blade, white residue, a digital scale, a digital pager, $498 in cash, a loaded .380 caliber semi-automatic weapon, and a rental car contract issued to Maxwell. Outside the boarding house was a rental car that corresponded with the rental contract.

On October 29, 1996, police staged a controlled purchase of cocaine from Maxwell. During the controlled purchase police officers approached Maxwell's car. Police then observed Maxwell throw a bag containing 108 grams of crack cocaine out of the car as he drove away. A confidential informant who had been in Maxwell's car as part of the staged buy reported that Maxwell had a cellular telephone and $442 in currency in the car.

2

At Maxwell's trial, the government presented three witnesses to corroborate that Maxwell had been living in the boarding house and had fled when the police raided the house on June 21. Three other witnesses testified as to their first hand knowledge of Maxwell's extensive cocaine distribution activities. Two of these witnesses had bought cocaine from Maxwell on a routine basis over an extended period of time. The third witness, who had known Maxwell since he was a child, testified that he had seen Maxwell using a pager to take orders for crack cocaine sales.

We review evidentiary rulings for an abuse of discretion, and such rulings are subject to harmless error review under Fed. R. Crim. P. 52. See United States v. Heater, 63 F.3d 311, 325 (4th Cir. 1995). "[I]n order to find a district court's error harmless, we need only be able to say `with fair assurance, after pondering all that happened without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error.'" Id. (citations omitted). Maxwell asserts that the district court abused its discretion in allowing the government to introduce irrelevant evidence that the boarding house where he had been living was located in a known drug area. Even if the district court erred in admitting this evidence, the overwhelming evidence of Maxwell's drug distribution activities assures us that the admission of this evidence had no substantial effect on the jury's determination of Maxwell's guilt. Accordingly, we find no prejudicial error from the admission of the contested testimony and affirm Maxwell's conviction.

We dispense with oral argument because the facts and legal contentions are adequately before the court and argument would not aid the decisional process.

AFFIRMED

3